### THOMAS RODNEY v. JOHN JONES et al.

Supreme Court.   October, 1794.

*Wilson's Red Book, 23.*

---

* This case is also reported in *Bayard's Notebook, 78.*

*Miller* and *Bayard* for plaintiff. This bond is not void being for the performance of a lawful act, 3 Bac.Abr. 703, 1 P.Wms. 189. Sheriff may take bond of an undersheriff, 3 Bac.Abr. 704. That no other security could be taken, there being no law upon the subject for a direction, and the names of the claimants not being ascertained. Although the bond cannot enure to Thomas Rodney's successors, yet by Co.Litt. 2, it will to his executors, from whom the captors may recover. This suit is not built upon any thing which is the necessary consequence of a suit in the Admiralty—here is a bond under seal upon land and is a mere personal obligation, therefore the second reason cannot operate.

Per Curiam. We are not acquainted with the decisions of the Admiralty here before the late constitution. Section 12 did provide for the appointment of a judge. The Act, chapter 93, February, 1777, provided for his salary. We do not decide upon the Act cited by counsel, 2 Del.Laws 343 (1777), whether it embraces these kind of bonds and consequently should have been taken in the name of the State, as we think it good at common law and we refer you to recognizances etc., Salk. 564, 2 Ld.Raym. 756, 2 Hawk.P.C. 414; he as judge had power to appoint his marshal, and it was his duty to secure his suitors against any malconduct of such marshal; for when an officer is appointed he has the incidental powers, 1 Roll.Abr. 526, 2 Com.Dig. 610, p. 4. The Judges of Admiralty in Pennsylvania used to appoint their own marshal and sometimes deputy judges. As to the second reason, we admit the exclusive jurisdiction of the Admiralty in cases of prize, but do not choose to determine the extent of Lord Mansfield's words "and all its consequences," but we think this stipulation can not be sued in the Admiralty, because no man can be a judge in his own cause, and because the two sureties in the bond can not be sued in the Admiralty. This bond would enure to obligee's executors. No remedy could be had in the Admiralty

against the sureties, yet every wrong has its remedy, Bull.N.P. 588, therefore judgment was given for the plaintiff.

*Vide* my notes which are more full.